# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-123-SLP |
| ) | |
| JEFFERIE ADAM WARREN, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 210]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 216] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 214]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

## I. **Background**

On October 5, 2022, Defendant pleaded guilty to one count of destruction of an energy facility, in violation of 18 U.S.C. § 1366(b). *See* Doc. Nos. 1, 101–105. On March 31, 2023, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 158. The PSR calculated a base offense level of 6. *Id.* ¶ 36. The PSR included (1) a fourteen-level enhancement because the loss totaled $714,444.70, (2) a two-level enhancement because the offense involved 10 or more victims, (3) a two-level

enhancement for Defendant's role as an organizer, leader, or manager, and (4) a two-point enhancement for recklessly creating a substantial risk of death or serious bodily injury in the course of fleeing from law enforcement. *Id.* ¶¶ 37–38, 40, 42. The adjusted offense level was 26. *Id.* ¶ 43. The PSR applied a three-level reduction for acceptance of responsibility. *Id*. ¶¶ 45–46. The resulting total offense level was 23. *Id.* ¶ 47.

Based on Defendant's prior criminal convictions, the PSR calculated a total criminal history score of 26. *Id*. ¶ 72. Two additional points (status points) were added because Defendant committed the offense while under a criminal justice sentence. *Id.* ¶ 73. Thus, the PSR calculated a total criminal history score of 28, which established a criminal history category of VI. *Id.* ¶ 74. Combining Defendant's total offense level of 23 and criminal history category of VI, the PSR calculated a guideline imprisonment range of 60 months, which was the statutorily authorized maximum sentence. *Id*. ¶ 109.

On May 16, 2023, the Court adopted the PSR without change and sentenced Defendant to 50 months' imprisonment. Doc. No. 189, 190.

On July 15, 2024, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.

II.    **Governing Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

2

Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;

3

### III. <u>Analysis</u>

Part A of Amendment 821 reduces the assigned number of status points to either one (if the defendant had seven or more criminal history points) or zero (if the defendant had fewer than seven criminal history points). Application of the amendment here reduces Defendant's criminal history score from 28 to 27. But even with this reduction, Defendant's criminal history category remains a VI, and his guideline range remains unchanged. Thus, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B).

### IV. <u>Conclusion</u>

For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Reduce Sentence [Doc. No. 210] is DISMISSED.

---

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

5

IT IS SO ORDERED this 25th day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE